**John W. Anderson, Defendant in Error, v. Chicago City Railway Company, Plaintiff in Error.**

**Gen. No. 14,764.**

VERDICTS—*when set aside and final judgment rendered.* A verdict for the plaintiff will be set aside on review and final judgment rendered for the defendant if the record shows that such should have been the result in the trial court and that no other result could be sustained on appeal.

Action in case for personal injuries. Error to the Municipal Court of Chicago; the Hon. FRANK P. SADLER, Judge, presiding. Heard in this court at the October term, 1908. Reversed. Opinion filed December 6, 1909.

MARK E. GUERIN and FERDINAND GOSS, for plaintiff in error; JOHN R. HARRINGTON, of counsel.

GUSTAV E. BEERLY, for defendant in error.

MR. JUSTICE BAKER delivered the opinion of the court.

This writ of error brings before us for review a

judgment for $650 recovered by the plaintiff in the Municipal Court for personal injuries alleged to have been caused by defendant negligently starting its street car while plaintiff was getting on said car. Plaintiff was a passenger on a south-bound car in Cottage Grove avenue, intending to ride to a point south of 55th street. His car turned east in 55th street, and he then obtained a transfer, went back to Cottage Grove avenue to take a car that ran south beyond 55th street, and it was when attempting to get on such car that he was injured. The south-bound car was what is called a "Pay as you enter" car, and a passenger could enter it only from the west over the rear platform. A railing divided the platform so that a person desiring to enter could only do so by getting on behind such railing, and passengers leaving the car passed out in front of the railing. At the west end of the platform was a hand-rail or handle, and at the outer end of the rail a rod extending from the platform to the roof, so that a passenger in going on the car might take hold of the handle with his left hand and the rod with his right. The car in question stopped at 55th street. Only one person was there waiting to take the car, George Chisholm, who was called as a witness by defendant. Chisholm stepped on the platform, the conductor rang the bell and the car started forward  The conductor stood in his proper position forward of the rail and facing the rear end of the car.

The contention of plaintiff at the trial was that before the car started he came around the rear end of the car to the west side of the rear platform, took hold of the handle with his left hand, placed his left foot on the step, and started to pull himself onto the platform; that although the conductor was looking at him, he started up the car while plaintiff had still one foot on the ground; that plaintiff was unable to pull himself up, but held onto the car with both hands and was dragged by the car; that the conductor stood looking at him while the car dragged him between 75 and 100 feet

without making any effort to stop the car, and he then called to the conductor to stop the car, and he then stopped it.

The contention of defendant was that the plaintiff did not come from behind the car, or into the view of the conductor, until after the car had started; that the conductor saw his hand when he took hold of the handle of the car and at once gave the emergency signal to stop, and the car was stopped; that the car did not run farther than twenty feet from the time it started until it stopped.

Plaintiff's connection was supported only by his own testimony. He testified in chief that he came around the rear end of the car while it was standing still, got hold of the handle at the rear end of the platform with his left hand, put his left foot on the step, and just as he started to pull himself up the conductor rang the bell and the car started forward with such a sudden jerk that it swung him around and he slipped off from the step; that the car dragged him between 75 and 100 feet; that the conductor stood there looking at him while the car was dragging him; that he then "hollered" to the conductor to stop the car and he stopped it; that he then had hold of the car with both hands. On his cross-examination he testified that he was only a few feet from the car when it stopped; that he went past the back end of the car, came on the west side of the car, and then took hold of the handle at the rear end of the platform; that he then had come clear around the rear end of the car and was facing east. He was asked if the conductor did not give the signal to start so soon as he took hold of the handle, and answered, "No, I did not say that. As soon as I got hold of the handle and put my foot on the platform and tried to pull myself up, he rang the bell twice as a signal to go ahead". Opposed to plaintiff's testimony is the testimony of Chisholm, a passenger, and of the conductor and motorman. Chisholm testified that he stood west of the track and south of 55th

street, waiting for a car, and got on the car when it stopped; that the bell was rung immediately after he got on and the car started up; that when it started up no one was getting on the car; that after he had received a transfer he turned around and saw a man being dragged by the car; that the conductor was then ringing the bell to stop and the car stopped; that it ran between ten and twenty feet from the time it started until it stopped. The motorman testified that he stopped at 55th street to take on a young man who was standing there; that the car just stopped and picked up the man and then the conductor gave the signal to start, and he started the car; that almost immediately after he got the signal to start he got a signal to stop, and stopped the car; that the car only ran 15 to 20 feet before it stopped. The conductor testified that he was in his sixtieth year and had been a conductor seventeen years; that he stopped his car at 55th street and one man was there, who got on, and he gave the signal to go ahead; that the car had only got started when he saw a man's hand reach around the corner of the car; that that was the first he saw of anybody there, and that he did not then see his body; that he immediately gave the emergency bell to stop the car, and the car ran only a few feet and stopped; that he was standing inside of the railing facing the rear end of the car; that the car ran only from 15 to 20 feet from the time it started until it stopped. Both the plaintiff and the conductor testified that the conductor was facing the rear end of the car and looking at plaintiff when he attempted to board the car.

The plaintiff in his testimony imputed to the conductor conduct that was not merely negligent, but was inhuman. It is hard to believe that a man of sixty should see another man, but little younger than himself, in a position of great peril and not at once make use of the means in his power to protect or release the other from such peril. Plaintiff, as he passed behind the car, walked so close to it that he could not

be seen by the conductor until he had passed west of and beyond the car.

A careful examination of the evidence has led us to conclude that when the conductor gave the signal to start the car, he had not seen, and could not see, the plaintiff, and had no reason to suppose that any one desired or intended to take the car at the place where it then was; that the plaintiff put his hand on the handle of the car after the signal to start the car had been given and just as the car started; that the conductor, so soon as he knew or had any reason to suppose that the plaintiff intended to board the car, gave the emergency signal to stop the car, and the car was then stopped so soon as it could be stopped; and that the defendant was not therefore guilty of negligence in respect to the starting or operation of the car.

The judgment will be reversed, and the cause will not be remanded.

*Reversed.*